OLGA DICKAU *v.* CONCETTA RAFALA ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 88219

Memorandum filed May 20, 1953.

*Henry Goldberg* and *Jacob Schwolsky*, both of Hartford, for the Plaintiff.

*Pelgrift, Blumenfeld & Nair,* of Hartford, for the Defendants.

MURPHY, J. On May 6, 1950, the plaintiff, now sixty-five years of age, was a customer in the meat market and grocery operated by the defendants at 420 Front Street, Hartford. About 5 p.m., after completing her shopping, she approached the defendants' daughter, Carmelina, and asked for permission to use the toilet. The two were in the north end of the store near the cooky display and bundle counter. The cooky display was so arranged that it formed a partition at the east end of the grocery department. Immediately behind it was an aisle leading to a door into the storage room and, at the south end of the aisle, the door to the toilet.

Taking the shopping bag which the plaintiff proffered her, the daughter pointed generally toward the rear and told the plaintiff, "Right that way in back of you." The door to the storage room was open and blocked off the aisle south of it. The plaintiff turned

through the door, descended two steps into the storage room. The room was dimly lighted by a window in the east wall. An open door was visible at the northeast corner of the room. Believing that it was the toilet, she crossed to it and stepped down one step to a landing. The landing was dark. The plaintiff felt about for a light and fell down a flight of steps leading to the cellar, and was injured.

The plaintiff claims that as a business visitor she was an invitee. The defendants maintain that her status as an invitee ceased when she started for the toilet and thereafter she was a licensee and therefore took the premises as she found them.

Defendants' contention as to her status would not avail them if correct. They overlook the duty imposed upon them of warning the plaintiff of the dangerous conditions that were present due to the layout and construction of the store and its facilities. *Laube* v. *Stevenson*, 137 Conn. 469, 474.

Prior to the fall the plaintiff was not in the best physical condition. She was very heavy, walked lumberingly and slowly. The fall lighted up a dormant umbilical hernia of some years' standing which required operative reduction. She sustained a fracture of the right clavicle and the head of the right humerus. A phlebitis developed in both legs. She had had varicose veins in both legs which were ligated and removed in 1945. Because of the poor circulation, the trauma of the fall caused considerable aggravation. With the exception of the injury to the right shoulder, most of her incapacity and discomfort resulted from the aggravation of pre-existing conditions.

The plaintiff's special damages total $1269.45. Enter judgment for the plaintiff to recover $7269.45.